E-FILED
Friday, 06 March, 2026  12:25:28 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEPHEN WILLETT,<br>        Plaintiff,<br><br>v.<br><br>LINCOLN CORRECTIONAL<br>CENTER, *et al.*,<br>        Defendants. | Case No. 3:25-cv-03362-JEH |

## Merit Review Order

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Lincoln Correctional Center. (Doc. 20). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## II

Plaintiff files suit against Defendants Lincoln Correctional Center ("Lincoln"), Lieutenant Kennedy, Warden Tiona Farrington, Maintenance Supervisor Ronnie Boggs, and Lincoln Correctional Trash Company.

On April 25, 2025, Plaintiff was working Outside Perimeter Detail ("OPD") Maintenance at Lincoln. Part of his job duties included emptying the dumpsters into a trash compactor by the maintenance building. Plaintiff alleges the trash compactor was malfunctioning. Specifically, the hydraulic line on the front of the compactor had a noticeable oil leak. When Plaintiff raised the dumpster to empty it, the dumpster popped up and smashed his left pinky finger between the hitch and the dumpster. Then, a weld in the chain broke, and the hitch fell onto Plaintiff's right hand. A sliver of metal pierced Plaintiff's glove and lodged in his hand. As the hitch fell, it grazed Plaintiff's right knee, which caused painful bruising. The hitch landed on Plaintiff's left foot and broke it.

Prior to this incident, Plaintiff alleges he notified Defendant Maintenance Supervisor Boggs that the hydraulic line on the trash compactor was leaking excessive amounts of oil. Plaintiff was told to put five gallons of hydraulic oil in it every day and continue using it. Plaintiff alleges Defendant Lincoln Correctional Trash Company looked at the compactor numerous times to determine what was wrong with it. Plaintiff alleges his injury could have been avoided if maintenance staff or the trash company would have discontinued use of the compactor.

Plaintiff states he received x-rays and pain medication. A physician at Lincoln referred Plaintiff to a hand surgeon to have the metal removed from his right palm and to look at his left pinky, which Plaintiff cannot bend. Plaintiff was transferred to another facility on September 19, 2025, before he was sent to a hand surgeon. The metal is still in Plaintiff's hand.

### III

To plead an Eighth Amendment conditions of confinement claim, Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that the prison official acted with deliberate indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). A substantial risk of harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is one." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause … needless suffering, and give rise to sufficiently imminent dangers." *Id.*

Plaintiff alleges he notified Defendant Boggs, the Maintenance Supervisor at Lincoln, that the hydraulic line on the trash compactor was leaking excessive amounts of oil prior to April 25, 2025. Plaintiff was told to put five gallons of oil in it every day and continue using it. The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment conditions of confinement claim against Defendant Boggs.

Plaintiff cannot proceed against Defendant Lincoln Correctional Trash Company because a trash company is neither a "state actor" nor a "person" within the meaning of § 1983 and is not a proper defendant. *See Birkley v. W. Milwaukee Police Dep't*, No. 22-CV-1313-PP, 2023 WL 7130035, at *3 (E.D. Wis. Oct. 30, 2023) (finding a private insurance company was not a proper defendant under § 1983).

3

"A defendant cannot be sued under § 1983 unless it was acting under color of state law. [P]rivate organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons." *Collins v. Tchaptchet*, No. 2:22-CV-341-JTM-JEM, 2024 WL 983737, at *2 (N.D. Ind. Mar. 6, 2024) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) (internal citations omitted). Here, there are no facts alleged to suggest that Defendant Lincoln Correctional Trash Company's relationship with the prison is so substantial as to make it a state actor when it provides trash services at Lincoln Correctional Center. *See Collins*, 2024 WL 983737, at *2 (finding there was no basis to conclude that a company that provided x-rays to inmates was a proper defendant under § 1983). Therefore, Defendant Lincoln Correctional Trash Company is dismissed without prejudice.

Plaintiff named Lincoln Correctional Center as a Defendant, but a correctional center is not a "person" amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Furthermore, Lincoln Correctional Center, as a State agency, enjoys Eleventh Amendment immunity in a suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Lincoln Correctional Center is dismissed with prejudice.

Plaintiff named Warden Farrington and Lieutenant Kennedy as Defendants, but he did not include any specific allegations against them in the body of his Amended Complaint. There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable based only on their supervisory roles. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does

not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Farrington and Kennedy are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment conditions of confinement claim against Ronnie Boggs. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendant Lincoln Correctional Center is DISMISSED WITH PREJUDICE. Defendants Kennedy, Tiona Farrington, and Lincoln Correctional Trash Company are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Lincoln Correctional Center, Kennedy, Farrington, and Lincoln Correctional Trash Company.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give

Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5)      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6

7)     This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)     Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

11)    Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 6, 2026

<u>s/Jonathan E. Hawley</u>
U.S. District Judge